UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

LAMAJOR UNDREAOUS TAYLOR                                        PLAINTIFF

V.                              CIVIL ACTION NO. 3:23-CV-3039-KHJ-MTP

MERIDIAN POLICE DEPARTMENT, et al.                             DEFENDANTS

ORDER

Before the Court is pro se Plaintiff Lamajor Undreaous Taylor's [12] Motion to Reopen. On August 9, 2024, the Court dismissed this case without prejudice for failure to obey the Court's [7, 8, 9] Orders. Order [10] at 2. On November 15, Taylor moved to reconsider, arguing that he could not respond to the Court's [7, 8, 9] Orders, because he was allegedly in segregation and had not received any of the Court's mail since December 2023. [12] at 1–2.

Since Taylor filed the [12] Motion over 28 days after the [11] Final Judgment, the motion shall be treated as one under Federal Rule of Civil Procedure 60(b). *See* Fed. R. Civ. P. 59(e), 60(b); *see also Cavalier v. Jill L. Craft Att'y at L., L.L.C.*, No. 23-30778, 2024 WL 2846059, at *2 (5th Cir. June 5, 2024) (per curiam). Under Rule 60(b),

> the court may relieve a party . . . from a final judgment . . . for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

>   (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
>   (4) the judgment is void;
>
>   (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
>   (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

The Court dismissed this case because Taylor failed to respond to the [7] Order Requiring Plaintiff to Respond and the subsequent [8, 9] Orders to Show Cause. [10] at 1–2. He claims that he could not respond because he was placed in segregation in the Scott County Jail. [12] at 1. He claims that "they moved me around. . . . I couldn't obtain . . . legal mail or send out . . . mail. Now I'm in Clarke County Jail." *Id.* at 1–2. Taylor does not give the dates of this alleged period of inability to contact the Court, so the Court cannot discern if it was the cause of his failure to comply or prosecute his case for at least six months. Because Taylor does not demonstrate excusable neglect or present any other basis for reconsidering the [11] Final Judgment, the Court DENIES Taylor's [12] Motion to Reopen.

SO ORDERED, this 25th day of November, 2024.

s/ *Kristi H. Johnson*<br>
UNITED STATES DISTRICT JUDGE